UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEREA JAYO-SCHIELKE<br><br>　　　　　Plaintiff,<br>v.<br><br>EASTERN ACCOUNT SYSTEM OF CONNECTICUT, INC. and COMCAST CORPORATION,<br><br>　　　　　Defendants. | Civil Action No.:<br><br><br>**COMPLAINT** |

Plaintiff Nerea Jayo-Schielke ("Plaintiff"), by way of complaint against Defendants Eastern Account System, Inc. ("EAS"), and Comcast Corporation ("Comcast") (collectively, "Defendants"), alleges and says:

**STATEMENT OF THE CASE**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendants' violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA"), of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1666 et seq., the Fair Credit Billing Act ("FCBA") and of *N.J.S.A.* 56:8-1 *et seq.,* the New Jersey Consumer Fraud Act ("NJCFA"), and New Jersey common law.

1130831.2

## JURISDICTION AND VENUE

2. This Court has Federal Question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Pendent and ancillary jurisdiction over claims arising under the laws of the State of New Jersey are also present in that these claims arise from a common nucleus of operative facts.

3. Jurisdiction is proper in the District of New Jersey because Plaintiff resides in New Jersey and because Defendants regularly conduct business in New Jersey.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## PARTIES

5. Plaintiff is a natural person and a resident of the Township of Bloomfield, 35 Spring Street, County of Essex, State of New Jersey 07003, and is a "Consumer" as defined by 15 U.S.C. § 1692a(6).

6. EAS is, upon information and belief, a foreign company with offices located at 75 Glen Road # 10, Sandy Hook, Connecticut 06482.  EAS is, upon information and belief, primarily in the business of collecting debt allegedly due to another and is therefore a "Debt Collector" as that that term is defined by 15 U.S.C. §1692a(6).

7. Comcast is, upon information and belief, a foreign company with offices located at 800 Rahway Avenue, Union, New Jersey 07083. Comcast is, upon information and belief, primarily in the business of providing internet, cable television and telephone services to consumers.

## BACKGROUND

8. Plaintiff terminated Comcast as her Internet, cable television and telephone service provider in or around October 2009. Plaintiff's account with Comcast had been identified with the following account number: 06101 158962-02-9 (the "Terminated Account").

9. In or around October 2009, an agent of Comcast came to Plaintiff's house and picked up certain equipment belonging to Comcast associated with the Terminated Account, including, but not limited to, cable boxes and remote controls (the "Returned Equipment").

10. In or around November 2009, Plaintiff received from Comcast a billing invoice dated November 2009 seeking to collect from Plaintiff $1,133.19, which Comcast had (at that time) alleged Plaintiff owed to Comcast in connection with the Terminated Account. A copy of Comcast's November 2009 billing invoice is attached as **Exhibit A**.

11. In response to Comcast's November 2009 billing invoice, in or around December 2009, Plaintiff and/or her husband called Comcast to dispute this alleged debt (the "Disputed Debt") because, according to Plaintiff's records, Plaintiff had paid any and all sums due and owing to Comcast in connection with the Terminated Account.

12. During this conversation (the "December Telephone Call"), the Comcast representative with whom Plaintiff and/or her husband spoke confirmed that, according to Comcast's own records, Plaintiff did not owe the Disputed Debt. Rather, the Comcast representative told Plaintiff and/or her husband that Plaintiff was in fact entitled to a refund of a credit balance in the amount of $138.78 due to an overpayment that Plaintiff had made in connection with the Terminated Account.

13. During the December Telephone Call, the Comcast representative with whom Plaintiff and/or her husband spoke also explained that the reason Plaintiff had received the

1130831.2

November 2009 billing invoice seeking to collect the Disputed Debt was because, at the time that Comcast generated the November 2009 billing invoice, Comcast's records failed to indicate that Comcast had already picked up the Returned Equipment from Plaintiff's house, and that the November 2009 billing invoice was, in fact, issued to Plaintiff in error.

14. According to the Comcast representative with whom Plaintiff and/or her husband spoke, as of the date of the December Telephone Call, Comcast's records indicated that Comcast had picked up the Returned Equipment from Plaintiff's house.

15. The Comcast representative provided Plaintiff and/or her husband with a **Track No.: 1640.22969** (the "Track No."), which, he explained, would serve as confirmation of the December Telephone Call, including: (i) that Comcast had picked up all of the Returned Equipment, (ii) that Plaintiff did not owe the Disputed Debt, and (iii) that Plaintiff was entitled to a refund of a credit balance in the amount of $138.78.

16. Plaintiff later received a dunning letter from EAS dated December 11, 2009, seeking to collect on behalf of Comcast $723.19 from Plaintiff in connection with the Terminated Account.  A copy of the December 11, 2009 EAS letter is attached as **Exhibit B**.

17. According to the December 11, 2009 EAS letter, of the $723.19 that EAS alleged Plaintiff owed to Comcast, $273.19 represented a "Service Balance," and $450.00 represented an "Equipment Balance (if not returned)."

18. Upon receipt of the December 11, 2009 EAS letter, Plaintiff and/or her husband immediately called EAS to dispute that Plaintiff owed Comcast any money in connection with the Terminated Account.

19. Plaintiff and/or her husband followed up this December 2009 telephone call to EAS with a letter dated December 28, 2009 disputing that Plaintiff owed Comcast and/or EAS

1130831.2

any money in connection with the Terminated Account, summarizing Plaintiff's (and/or her husband's) earlier communications with Comcast during the December Telephone Call, providing EAS with the Track No. that Comcast had provided confirming the resolution of this dispute in Plaintiff's favor, and demanding that EAS provide written verification of this Disputed Debt.  A copy of Plaintiff December 28, 2009 letter is attached as **Exhibit C**.

20. EAS failed to provide Plaintiff with any verification of the Disputed Debt. Instead, in or around February 2010, Plaintiff and/or her husband received a telephone call from an EAS representative who simply told Plaintiff and/or her husband that EAS completed its investigation and determined that Plaintiff owed the Disputed Debt in full.

21. When Plaintiff and/or her husband asked how EAS could have possibly determined that Plaintiff owed the Disputed Debt despite the fact that Comcast told Plaintiff that she owed nothing, and that Plaintiff is in fact entitled to a refund of $138.78, and despite the fact that Plaintiff provided EAS with the Track No. that Comcast gave Plaintiff confirming the resolution of this dispute in Plaintiff's favor, the EAS representative became very rude, harassing, insulting and aggressive and then suddenly hung up the phone.

22. In response to this bizarre and harassing telephone call from EAS, in or around February 2010, Plaintiff and/or her husband again called Comcast (the "February Telephone Call"), and again Comcast confirmed that Plaintiff did not owe Comcast any money in connection with the Terminated Account, and that Comcast would provide Plaintiff with a refund in the amount of $138.78.  Comcast immediately confirmed all this as soon as Plaintiff and/or her husband provided the Track No., which tends to show that EAS did not investigate this matter at all.

23. Plaintiff never received the refund or any other communication(s) from Comcast

or EAS until September 2010, when Plaintiff received a document from EAS dated September 14, 2010, and entitled "Credit Report Information Request," in which EAS incorrectly states that Plaintiff did not respond to its dunning letter, and advises that, as a result of Plaintiff's purported failure to respond, Comcast "listed" this Disputed Debt on Plaintiff's credit report.  A copy of the September 14, 2010 notice from EAS is attached as **Exhibit D**.

24. In response to the September 14, 2010 notice from EAS, Plaintiff ordered her credit report to confirm whether Comcast had in fact reported this Disputed Debt.  Plaintiff's Experian credit report appears to indicate that EAS, not Comcast, reported this misinformation.

25. On or about October 26, 2010, Plaintiff wrote to Experian to dispute the negative misinformation that EAS and/or Comcast reported in connection with the Terminated Account.  A copy of Plaintiff's October 26, 2010 letter to Experian is attached as **Exhibit E**.  Plaintiff forwarded a copy of her October 26, 2010 letter to Experian to both EAS and to Comcast.

26. In late October or early November 2010, Plaintiff received a document from EAS - - obviously in response to Plaintiff's October 26, 2010 letter to Experian - -  stating: "Balance due is $722.38 through 10-12-09.  Please ask Comcast for a supervisor if a phone rep claims this isn't due or stop in to a local office with this copy" (the "November EAS Correspondence").  The November EAS Correspondence also provides other cryptic information presumably related to the Terminated Account.  A copy of the November EAS Correspondence is attached as **Exhibit F.**

27. In response to the November EAS Correspondence, Plaintiff and/or her husband again called Comcast to confirm the resolution of this matter in Plaintiff's favor, and to complain about EAS's improper debt collection practices.  Surprisingly, the Comcast representative with whom Plaintiff and/or her husband spoke (Miss Hiss) stated that Comcast's records indicate that

6

1130831.2

Plaintiff owes Comcast $450.00 for unreturned equipment.

28.    Plaintiff and/or her husband provided Miss Hiss with the Track No., and explained the substance and context of Plaintiff's prior communications with Comcast, EAS and Experian, including, in particular, the December Telephone Call and the February Telephone Call, during which Plaintiff and/or her husband spoke with multiple representatives of Comcast, who, on multiple occasions, confirmed: (i) that Comcast had picked up all of the Returned Equipment, (ii) that Plaintiff did not owe the Disputed Debt, and (iii) that Plaintiff was entitled to a refund of a credit balance in the amount of $138.78.

29.    In response, Miss Hiss confirmed that the Track No. enabled her to confirm that Plaintiff and/or her husband had spoken with representatives of Comcast in December 2009 and February 2010, however, she was unable to confirm that this dispute had been resolved in Plaintiff's favor.  When Plaintiff and/or her husband asked to speak with a supervisor, Miss Hiss advised that she was a Comcast Supervisor.  Further efforts to communicate with Miss Hiss were not productive.

## FIRST COUNT

### (EAS VIOLATIONS OF THE FDCPA)

30.    Plaintiff repeats and re-alleges the foregoing allegations as if more fully set forth at length herein.

31.    EAS violated the FDCPA, 15 U.S.C § 1692e, by false, deceptive, or misleading representations or means in connection with the collection of the Disputed Debt, including, but not limited to, falsely stating in its September 14, 2010 notice that (i) Plaintiff never responded to EAS's December 2009 dunning letter, (ii) that Comcast had reported negative misinformation related to the Disputed Debt on Plaintiff's credit report when, in fact, EAS had itself improperly

reported this negative misinformation, and (iii) stating that EAS had validated the Disputed Debt when, in fact, EAS never provided Plaintiff with verification of the Disputed Debt.

32. EAS violated the FDCPA, 15 U.S.C § 1692e(8) by reporting the Disputed Debt on Plaintiff's credit report and also failing to communicate to the credit reporting agencies, including, but not limited to, Experian, that the Disputed Debt is disputed.

33. EAS violated the FDCPA, 15 U.S.C § 1692g(a) and (b) by reporting the Disputed Debt on Plaintiff's credit report and sending the September 14, 2010 dunning letter to Plaintiff without first providing Plaintiff with written validation of the Disputed Debt in response to Plaintiff's December 28, 2009 written request that EAS provide validation of the Disputed Debt.

34. EAS violated the FDCPA, 15 U.S.C. § 1692d by the EAS representative's use of rude, harassing, insulting and aggressive language in a telephone conversation with Plaintiff and/or Plaintiff's husband.

35. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against EAS as follows:

  A. Compensatory damages;

  B. Statutory damages;

  C. Punitive Damages;

  D. Attorneys' fees and costs incurred in this action;

  E. Compelling EAS to contact any credit reporting agencies to whom it reported the Disputed Debt or otherwise provided false information concerning Plaintiff with a retraction and instructions to remove any such negative information;

1130831.2

      F.    Enjoining EAS from reporting the Disputed Debt on Plaintiff's credit report or otherwise providing false information concerning Plaintiff to any credit reporting agencies; and

      G.    For such other relief as the Court may deem just and proper.

## SECOND COUNT

### (EAS AND COMCAST VIOLATIONS OF THE FCRA)

36. Plaintiff repeats and re-alleges the foregoing allegations as if more fully set forth at length herein.

37. EAS and Comcast violated the FCRA, 15 U.S.C § 1681 - 1681u, by furnishing false, derogatory information about Plaintiff concerning the Terminated Account to the credit reporting agencies, including, but not limited to, Experian.

38. EAS and Comcast violated the FCRA, 15 U.S.C § 1681 - 1681u, by reporting the Disputed Debt on Plaintiff's credit report and also failing to communicate to the credit reporting agencies, including, but not limited to, Experian, that the Disputed Debt is disputed.

39. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against EAS and Comcast as follows:

      A.    Compensatory damages;

      B.    Statutory damages;

      C.    Punitive Damages;

      D.    Attorneys' fees and costs incurred in this action;

      E.    Compelling EAS and Comcast to contact any credit reporting agencies to whom they reported the Disputed Debt or otherwise provided false information

concerning Plaintiff with a retraction and instructions to remove any such negative information;

      F.      Enjoining EAS and Comcast from reporting the Disputed Debt on Plaintiff's credit report or otherwise providing false information concerning Plaintiff to any credit reporting agencies; and

      G.      For such other relief as the Court may deem just and proper.

## THIRD COUNT

### (COMCAST VIOLATIONS OF THE FAIR CREDIT BILLING ACT)

40.    Plaintiff repeats and re-alleges the foregoing allegations as if more fully set forth at length herein.

41.    Comcast violated the FCBA by its failure to make appropriate corrections to the Terminated Account, including the removal of the Dispute Debt, and by its failure to notify the Plaintiff, in writing of errors, failure to include any explanation of any change in the amount indicated by Plaintiff, and failure to notify the credit reporting agencies of its error after receiving a copy of Plaintiff's October 26, 2010 letter to Experian.

42.    As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Comcast as follows:

      A.      Compensatory damages;

      B.      Statutory damages;

      C.      Punitive Damages;

      D.      Attorneys' fees and costs incurred in this action;

1130831.2

E.	Compelling Comcast to contact any credit reporting agencies to whom they reported the Disputed Debt or otherwise provided false information concerning Plaintiff with a retraction and instructions to remove any such negative information;

F.	Enjoining Comcast from reporting the Disputed Debt on Plaintiff's credit report or otherwise providing false information concerning Plaintiff to any credit reporting agencies; and

G.	For such other relief as the Court may deem just and proper.

## FOURTH COUNT

### (COMCAST VIOLATIONS OF THE NJCFA)

43.	Plaintiff repeats and re-alleges the foregoing allegations as if more fully set forth at length herein.

44.	Comcast violated the NJCFA by engaging in unconscionable commercial practices, including, but not limited to, the use of false, deceptive, or misleading representations or means in connection with the Terminated Account and/or the collection of the Disputed Debt.

45.	Comcast's violations of the NJCFA include, but are not limited to, its attempts to charge Plaintiff for the non-return of Equipment that Comcast had picked up from Plaintiff's house; misrepresenting to Plaintiff that the **Track No.: 1640.22969** would serve as confirmation of the December Telephone Call, including: (i) that Comcast had picked up all of the Returned Equipment, (ii) that Plaintiff did not owe the Disputed Debt, and (iii) that Plaintiff was entitled to a refund of a credit balance in the amount of $138.78; and making false statements to Plaintiff during the December Telephone Call and the February Telephone Call to induce Plaintiff to believe that the Disputed Debt had been resolved in Plaintiff's favor, only to later seek to collect the Disputed Debt from Plaintiff.

1130831.2

46. As result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Comcast as follows:

    A. Compensatory damages;

    B. Treble damages;

    C. Punitive Damages;

    D. Attorneys' fees and costs incurred in this action; and

    E. For such other relief as the Court may deem just and proper.

## FIFTH COUNT

### (COMCAST BREACH OF OBLIGATION OF GOOD FAITH AND FAIR DEALING)

47. Plaintiff repeats and re-alleges the foregoing allegations as if more fully set forth at length herein.

48. Comcast has an obligation of good faith and fair dealing towards the Plaintiff, implied as a matter of New Jersey law.

49. Comcast breached that obligation towards the Plaintiff by inducing her to reasonably believe that she had no liability for the Disputed Debt; by its attempts to charge Plaintiff for the non-return of Equipment that Comcast had picked up from Plaintiff's house; by misrepresenting to Plaintiff that the **Track No.: 1640.22969** would serve as confirmation of the December Telephone Call, including: (i) that Comcast had picked up all of the Returned Equipment, (ii) that Plaintiff did not owe the Disputed Debt, and (iii) that Plaintiff was entitled to a refund of a credit balance in the amount of $138.78; and by making false statements to Plaintiff during the December Telephone Call and the February Telephone Call to induce Plaintiff to believe that the Disputed Debt had been resolved in Plaintiff's favor, only to later seek to collect the Disputed Debt from Plaintiff.

50. Comcast's breach of the obligation of good faith and fair dealing has caused the Plaintiff damages.

**WHEREFORE**, Plaintiff demands judgment against Comcast as follows:

A. Compensatory damages;

B. Punitive Damages;

C. Attorneys' fees and costs incurred in this action; and

D. For such other relief as the Court may deem just and proper.

## SIXTH COUNT

### (ESTOPPEL OF COMCAST AND EAS)

51. Plaintiff repeats and re-alleges the foregoing allegations as if more fully set forth at length herein.

52. Comcast, solely as a result of its own error, failed to properly and accurately maintain the Terminated Account.

53. Comcast represented to Plaintiff that the **Track No.: 1640.22969** would serve as confirmation of the December Telephone Call, including: (i) that Comcast had picked up all of the Returned Equipment, (ii) that Plaintiff did not owe the Disputed Debt, and (iii) that Plaintiff was entitled to a refund of a credit balance in the amount of $138.78.

54. Comcast through its improper conduct has now attempted to collect the Disputed Debt from Plaintiff to the harm of Plaintiff.

55. Comcast must be barred and estopped from so altering its own position that Plaintiff relied upon in connection with the status of the Terminated Account and the resolution of the Disputed Debt in Plaintiff's favor.

56.     Moreover, though it is still disputed that Plaintiff owes the Disputed Debt to Comcast in connection with the Terminated Account, had Comcast acted without error and reasonably, Plaintiff would have been aware of Comcast's error and been able to act accordingly, by, among other things, taking such actions as addressing the error of Comcast prior to Comcast's and/or EAS's reporting of the Disputed Debt on Plaintiff's credit report.

57.     Under well-settled principles of estoppel and equity, Comcast, must be estopped and barred from claiming any alleged monies due from Plaintiff in connection with the Disputed Debt and/or the Terminated Account.

A.      Enjoining Comcast and or EAS from taking any further action(s) to collect the Disputed Debt from Plaintiff;

B.      Declaring that Plaintiff does not owe any money to Comcast and/or EAS in connection with the Disputed Debt or the Terminated Account;

C.      Compelling Comcast to contact any credit reporting agencies to whom they reported the Disputed Debt or otherwise provided false information concerning Plaintiff with a retraction and instructions to remove any such negative information;

D.      Enjoining Comcast from reporting the Disputed Debt on Plaintiff's credit report or otherwise providing false information concerning Plaintiff to any credit reporting agencies; and

E.      Attorneys' fees and costs incurred in this action; and

F.      For such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

**LAW OFFICE OF JAE Y. LEE, LLC**

By: <u>/s/ Jae Y. Lee, Esq.</u>
    Jae Y. Lee (JL2215)
    jyleeapd@yahoo.com
    158 Linwood Plaza, Suite 211
    Fort Lee, NJ 07024
    (201) 357-0407
    Attorneys for Plaintiff

Dated:  December 1, 2010